UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **BRANDY BROOKS,** *et al.*, § § **Plaintiffs,** § § v. § **CIVIL ACTION NO. C-09-266** § **SUSSER HOLDINGS CORP.,** § § **Defendant.** § | |

**MEMORANDUM OPINION & ORDER**

The following motions are currently pending before the Court: Plaintiffs Brandy Brooks and Yolynda Nickson's ("Plaintiffs") Motion to Dismiss (Dkt. No. 15); Defendant Susser Holdings Corporation's ("Susser") Motion for Sanctions under FED. R. CIV. P. 30(g) (Dkt. No. 16); and Susser's Motion to Enter Take Nothing Judgment in Favor of Defendant (Dkt. No. 20).

**I. Background**

Plaintiffs filed this race-based employment discrimination lawsuit against Susser on October 5, 2009. (Dkt. No. 1.) On November 2, 2009, the Court entered an Agreed Order Staying All Proceedings, whereby the Court stayed these proceedings pending an award of the arbitrator or the presentment of a motion and order to dismiss the case. (Dkt. No. 9.)

On February 10, 2010, the Court granted two joint motions to lift the stay as to Plaintiffs Debra Wright and Linda Williams, dismissed Wright and Williams' claims, and entered a final judgment with respect to Wright and Williams only. (Dkt. Nos. 12, 13.)

On August 17, 2011, Arbitrator John Simpson entered a take-nothing judgment against Plaintiffs and taxed the costs of court against the party incurring same. (Dkt. No. 21, Exs. A & B.) After the Parties failed to inform the Court of the Arbitrator's decision or otherwise update

1

the Court on the status of this case for more than two years, on August 27, 2012, the Court entered an Order requiring the Parties file a status report regarding this case within ten days. (Dkt. No. 14.)

The Parties then filed the aforementioned motions related to dismissal and sanctions. (Dkt. Nos. 15, 16, 20.) While the Parties are opposed to each other's motions, they did agree that the stay should be lifted. Thus, on September 11, 2012, the Court entered an order lifting the stay. (Dkt. No. 21.)

**II. Susser's Motion for Sanctions**

Susser's motion alleges that Plaintiffs noticed a number of depositions but did not obtain consent from the witnesses or compel them to appear for four of the depositions. Susser's motion further alleges that Plaintiffs and Plaintiffs' counsel failed to appear for a fifth deposition. Susser's counsel, however, attended all five depositions in reliance on Plaintiffs' notices, and Susser consequently incurred fees and expenses in the amount of $6,080.79, which Plaintiffs have refused to reimburse. Susser claims that it has additionally incurred $1680.00 in reasonable and necessary attorney's fees in preparing the presently-pending motion for sanctions. As such, Susser moves for a minimum of $7,760.79 in sanctions against Plaintiffs and/or their counsel.

In response, Plaintiffs argue that while the case was stayed, the Arbitrator had exclusive jurisdiction to resolve the dispute between the Parties, and the Court retained jurisdiction simply to enter an arbitrator's award or rule upon a motion and order to dismiss this case. Plaintiffs also point out that Susser sought the same reimbursement for discovery-related travel expenses during arbitration in its Response to Plaintiffs' Motion to Extend Discovery Deadlines. (Dkt. No. 22, Ex. 2 at 7.) The Arbitrator subsequently entered an Arbitration Discovery Order on May 4, 2011 but did not award Susser the requested relief. (*Id.*, Ex. 3.) The Arbitrator's take-nothing

judgment against Plaintiffs also taxed the costs of court against the party incurring same and did not award Susser any other relief. (*Id.*, Ex. 4.)

The Fifth Circuit has explicitly held that a "district court lack[s] inherent authority to sanction [an attorney] for her conduct during arbitration" where such conduct is "neither before the district court nor in direct defiance of its orders." *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 463 (5th Cir. 2010). As the court explained:

> Under the [Federal Arbitration Act], the district court has the authority to determine (1) whether arbitration should be compelled, *see* §§ 2-4, and (2) whether an arbitration award should be confirmed, vacated, or modified, *see* §§ 9-11. Beyond those narrowly defined procedural powers, the court has no authority to interfere with an arbitration proceeding. *See Smith, Barney, Harris Upham & Co. v. Robinson,* 12 F.3d 515, 520-21 (5th Cir. 1994) (per curiam).
>
> * * *
>
> If inherent authority were expanded to cover [] conduct [during arbitration], there would be nothing to prevent courts from inserting themselves into the thicket of arbitrable issues-precisely where they do not belong. Such an expansion would also threaten the integrity of federal arbitration law in the name of filling a gap that does not exist.

*Id.* at 461-62, 463.

Because the alleged discovery violations by Plaintiffs and their counsel occurred during arbitration and were "neither before the [Court] nor in direct defiance of its orders," the Court has no authority to order sanctions for this conduct. *See Id.* at 463.

### III. Plaintiff's Motion to Dismiss and Susser's Motion to Enter Take Nothing Judgment in Favor of Defendant

Plaintiffs state that all matters in controversy have been resolved and move the Court to dismiss all claims with prejudice, with costs to be taxed against the party incurring same. Susser argues that a take nothing judgment in its favor would more accurately represent the disposition of the case.

The record shows that the Arbitrator's Memorandum and Award declared that Susser is entitled to a judgment and ordered that Plaintiffs take nothing from Susser. (Dkt. No. 21, Exs. A & B.) In order to accurately reflect the Arbitrator's ruling, the Court finds that, in lieu of an order of dismissal, a take nothing judgment should be entered against Plaintiffs and in favor of Susser.

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

(1) Plaintiffs' Motion to Dismiss (Dkt. No. 15) is **DENIED**;

(2) Susser's Motion for Sanctions under FED. R. CIV. P. 30(g) (Dkt. No. 16) is **DENIED**; and

(3) Susser's Motion to Enter Take Nothing Judgment in Favor of Defendant (Dkt. No. 20) is **GRANTED**.

It is so **ORDERED**.

**SIGNED** this 30th day of October, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE